1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    WILLIAM DENNIS and JOANNE DENNIS,

10             Plaintiffs,                          No. C 09-02363 JSW

11        v.

12   ALLIS-CHALMERS CORPORATION            **ORDER GRANTING MOTION TO**
     PRODUCT LIABILITY TRUST, ET AL.,      **REMAND**
13

14             Defendants.

15   _____/

16        This matter is set for a hearing on July 31, 2009 at 9:00 a.m. on Plaintiffs' motion to

17   remand.  By order dated June 5, 2009, the Court ordered that an opposition to the motion was

18   due to be filed by no later than June 19, 2009 and a reply brief filed by no later than June 26,

19   2009.  The Court has received no opposition to the motion and finds the motion appropriate for

20   decision without oral argument.  N.D. Civ. L.R. 7-1(b).  Accordingly, the Court HEREBY

21   VACATES the hearing date of July 31, 2009.  Having carefully considered the Plaintiffs'

22   papers and the relevant legal authority, the Court HEREBY GRANTS the motion to remand.

23        On April 6, 2009, Plaintiffs filed the complaint in this action in the Superior Court for

24   the State of California, County of San Francisco, alleging state law claims arising out of

25   exposure to asbestos.  On May 28, 2009, defendant Foster Wheeler LLC removed the action to

26   district court.  The federal-officer removal statute allows removal of a state action against "any

27   officer (or any person acting under that officer) of the United States or of any agency thereof,

28   sued in an official or individual capacity for any act under color of such office."  28 U.S.C. §

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1   1442(a)(1).  No other defendant has joined in Foster Wheeler's notice of removal or asserted

2   any other ground for removal jurisdiction.  On June 1, 2009, Plaintiffs dismissed their complaint

3   against Foster Wheeler.

4          In cases removed under 28 U.S.C. § 1442(a)(1), "[i]f the federal party is eliminated from

5   the suit after removal ... the district court does not lose its ... jurisdiction over the state law

6   claims against the remaining non-federal parties."  *District of Columbia v. Merit Systems*

7   *Protection Board*, 762 F.2d 129, 132-33 (D.C. Cir. 1985).  "Instead, the district court retains the

8   power either to adjudicate the underlying state law claims or to remand the case to state court."

9   *Id.* at 133; *see also Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) (noting, in case

10  removed under 28 U.S.C. § 1442(a)(1), "it is within the district court's discretion, once the basis

11  for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the

12  state court from which it was removed.").

13         Here, as the proceedings in the action are at an early stage, Plaintiffs have alleged no

14  federal claims, and no defendant except Foster Wheeler has yet appeared, the Court finds it

15  appropriate to remand the action to state court.  *See District of Columbia*, 762 F.2d at 133

16  (noting, where claims involve purely local law and federal party is dismissed early in the

17  proceedings, courts "regularly remand cases removed under section 1442(a)(1)").

18         Accordingly, Plaintiffs' motion to remand is HEREBY GRANTED and the action is

19  remanded to the Superior Court in the State of California in and for the County of San

20  Francisco.

21

22         **IT IS SO ORDERED.**

23

24  Dated:  June 26, 2009                                    _Jeffrey S White_____

25                                                          JEFFREY S. WHITE
                                                            UNITED STATES DISTRICT JUDGE
26

27

28